466 A.2d 235

**In re ESTATE OF Paul CIAFFONI, Deceased.**

**Appeal of Elizabeth Ciaffoni COWDEN, Executrix, and Pittsburgh National Bank, Administrator D.B.N.C.T.A.**

Superior Court of Pennsylvania.

Argued April 28, 1983.

Filed Sept. 30, 1983.

See also 498 Pa. 267, 446 A.2d 225.

Mark W. Vita, Washington, for appellants.

Linda R. Tallent, Washington, for Unborn, participating party.

Robert J. Ciaffoni, Washington, participating party, in propria persona.

Before ROWLEY, POPOVICH and HOFFMAN, JJ.

PER CURIAM:

Paul Ciaffoni (decedent) left a substantial estate consisting primarily of real property. Included in the estate was certain property situated on Horne Boulevard in the City of Arnold, Westmoreland County. Under a Will dated May 10,

1968, and probated December 16, 1973, the Arnold City property was devised to the decedent's grandson, Paul A. Ciaffoni, for his natural life, with remainder to his issue living at the time of his death. The validity of the will is still being litigated. As of this date, no distribution has been made of any estate assets. Subsequent to decedent's death, the above-mentioned property was condemned by the Westmoreland County Housing Authority. Pursuant to the Eminent Domain Code, the Westmoreland County Housing Authority made an offer, without prejudice, in the amount of $50,000.00 plus interest. The money was paid into a Mellon Bank N.A. savings account, no withdrawal being permitted without order of the Court of Common Pleas of Washington County, Orphans' Court Division.

On March 25, 1982, decedent's personal representatives (appellants) filed a petition with the court requesting that the proceeds of the account be distributed to them in order to pay death taxes. The petition was denied. This appeal followed.

We hold that the court erred in denying the petition. The trial court apparently relied on two sections of the Probate, Estates and Fiduciaries Code: 20 Pa.C.S.A. § 3351, which limits the sale of specifically devised real property, and 20 Pa.C.S.A. § 3541, which gives specifically devised or bequeathed property priority of distribution. Neither of these sections is applicable to this case.

The real property in question has been involuntarily converted into personal property. All that the ultimate devisees are entitled to is cash, which is fungible.

At this time, the estate desparately needs cash. There remains unpaid $200,000.00 in Federal Estate Tax and $20,-000.00 in Pennsylvania Transfer Inheritance Tax. Interest is accruing on the federal tax liability at the rate of 20% per year and on the Pennsylvania tax liability at the rate of 6% per year. It clearly is in the best interest of everyone connected with the estate to have the tax liability reduced. In view of the extensive litigation involving this estate, however, it is unlikely that appellants will be able to sell

any of the non-specifically devised real property in the near future. Therefore, they should be able to use the condemnation proceeds to reduce the tax debt.

We understand appellee's concern that the interests of the minor and unborn remaindermen be protected. Therefore, we direct the trial court to enter an order requiring appellants to give adequate security for the amount of the fund which is used to pay estate obligations. The court is also directed to require that the fund be used solely for the payment of death taxes.

Order reversed. Case remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

POPOVICH, J., concurs in the result.